CHADBOURNE et al. v. EQUITABLE TRUST CO. OF NEW YORK et al.

(Circuit Court of Appeals, Eighth Circuit. September 7, 1915.)

No. 4271.

RECEIVERS ⟨⇒⟩158—ALLOWANCE OF ATTORNEY'S FEES—FUND.

The allowed claim of a firm of attorneys, who had rendered service to a railroad more than six months prior to the appointment of its receivers, while not entitled to a preference over the claims of bondholders, was entitled to payment out of any funds in the hands of the receivers not subject to the lien of the mortgage securing such bondholders.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 301–306; Dec. Dig. ⟨⇒⟩158.]

⟨⇒⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern District of Missouri; Elmer B. Adams, Judge.

Action by Thomas L. Chadbourne, Jr., and others, against the Equitable Trust Company of New York and others. Order denying motion to grant plaintiffs' allowed claim a preference denied, and plaintiffs appeal. Modified and affirmed.

F. N. Judson, of St. Louis, Mo., and A. J. Shores, of New York City (Judson, Green & Henry, of St. Louis, Mo., on the brief), for appellants.

Wells H. Blodgett, of St. Louis, Mo., for appellee Wabash R. Co.

B. Schnurmacher, of St. Louis, Mo. (Theodore Rassieur, of St. Louis, Mo., and Murray, Prentice & Howland, Pierce & Greer, George Wellwood Murray, and Lawrence Greer, all of New York City, on the brief), for appellee Equitable Trust Co.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. Appellants are a firm of lawyers who rendered services for the Wabash Railroad Company more than six months prior to the appointment of receivers of that company. They filed a petition in the lower court to have their claim for fees established, allowed, and ordered paid. The court allowed the claim at $65,000, but on a motion to grant it a preference the same as claims of laborers and other employés, the application was denied, the court "being of the opinion that said claim is not of a character entitling it to any priority in the matter of payment over the claims of the bondholders represented by the complainant, the Equitable Trust Company." It was ordered "that the prayer of the petitioners that their said claim be paid out of the funds in the hands of the receivers be and the same is hereby denied." It is claimed by petitioners that there is a fund of some $4,000,000 in the hands of the receivers which is not subject to the lien of the mortgage represented by the Equitable Trust Company; that this fund accrued from earnings due to the company at the time the receivers were appointed, for services previously rendered, but which had not at the time been collected. The appellants insist that the order in the language in which it was framed really amounts to a denial of their claim after establishing it, because it denies their right to be paid "out of funds in the hands of the receivers." At the argument counsel stated that petitioners would be satisfied with an order directing the payment of the claim out of any funds in the hands of the receivers not subject to the lien of the mortgage represented by the Equitable Trust Company. We think they are entitled to such a modification of the order. We do not express any opinion, however, as to their right to payment out of the $4,000,000 fund above referred to. That question was not passed upon by the trial court.

The order will be that the order appealed from be modified, so as to provide for the payment in due course of administration of petitioners' claim out of any funds in the hands of receivers not subject

to the lien of the mortgage to the Equitable Trust Company, the trial court to pass upon the rights of all parties to any such fund; and, as so modified, the order is

Affirmed.